**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ADONAI MATA-SANGUINETTY, | No. 22-334 |
| Petitioner, | Agency No.     A203-607-350 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023**
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and CARDONE, District Judge.***

Felix Adonai Mata-Sanguinetty (Mata), a native of Venezuela and a citizen of Venezuela and Colombia, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of his

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

When the BIA adopts some of the IJ's reasoning and adds its own further analysis, we review both decisions. *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011) (citation omitted). We review the BIA's denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (citing *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010)). "[T]o reverse the BIA, we must determine 'that the evidence not only supports [a contrary] conclusion, but compels it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." *Id.* (alteration in original) (emphasis omitted) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).

1. Substantial evidence supports the conclusion that Mata is ineligible for asylum and withholding of removal under the so-called "persecutor bar." An applicant who has "assisted" or "otherwise participated" in the persecution of any person on account of political opinion is subject to a mandatory bar to asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(2)(A)(i) (asylum); 8 U.S.C. § 1231(b)(3)(B)(i) (withholding).

---

[1] Mata argues that the IJ erred in finding him not to be credible and concluding that the firm resettlement bar applies to him. Like the BIA, we do not address these issues, as they are not necessary to the disposition of Mata's claims.

In applying mandatory bars to relief, the government must first make "a threshold showing of particularized evidence of the bar's applicability before placing on the applicant the burden to rebut it." *Budiono v. Lynch*, 837 F.3d 1042, 1048 (9th Cir. 2016). But where "the evidence indicates that one or more of the grounds for mandatory denial of the application for relief"—such as the persecutor bar—"may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d).

The IJ and BIA both reasonably concluded that the government made the requisite "threshold showing" that the persecutor bar applied. As the IJ noted, country reports show that Venezuelan security forces and pro-government gangs called "colectivos" actively attacked protestors during demonstrations against the Venezuelan government. And Mata's testimony confirms that he was a member of security forces present at a protest during that time. Indeed, Mata's briefing in this court concedes that he "provided security" for Venezuelan forces during a protest, where protestors "asphyxiated" from tear gas deployed against them, and where he was instructed to "allow the colectivos to do as they wished." Against the backdrop of political persecution by Venezuelan security forces and colectivos, the record strongly suggested that the persecutor bar "may apply," such that the burden shifted to Mata. 8 C.F.R. § 1240.8(d).

The IJ and BIA also reasonably concluded that Mata failed to carry his burden of proving by a preponderance of the evidence that the persecutor bar did

not apply. Mata argues that he successfully rebutted the bar by showing that his actions at the protests were merely passive. In particular, he insists that he never harmed anyone and claims he was too far removed from the protestors to have meaningful engagement with their persecution.

The record, however, shows that Mata's "actions went beyond mere membership" in a persecuting group but rather that he was "present and active during the alleged persecution." *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927–28 (9th Cir. 2006) (explaining that the persecutor bar does not require actual trigger-pulling or direct involvement). As the IJ noted, Mata provided security services with lethal weapons to the "public order" unit who "interacted directly with protestors" with nonlethal weapons. His unit was not merely acquiescent but actively "monitor[ing] the protest," protecting the public order unit and "surveilling for any potential sharpshooters or snipers"—and doing so despite having reason to know protestors were being persecuted by the public order unit and colectivos.

Mata also argues that his actions were coerced and that the protestors may not have been persecuted on account of their political opinion. But he fails to provide evidence or argument compelling either conclusion. We thus deny the petition as to the claims for asylum and withholding of removal.

2. The IJ and BIA also denied Mata CAT protection. The petition addresses this issue only briefly and fails to cite any portion of the record compelling the conclusion that Mata, in particular, is more likely than not to be

tortured. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITION DENIED.** The motion to stay removal (Dkt. No. 2) is **DENIED** as moot.